**Commonwealth v. J. P. Mascaro & Sons, Inc.**

*Richard R. Galli, Deputy District Attorney,* for Commonwealth.
*Abraham A. Hobson, III,* for defendant.

DIGGINS, *J.,* April 3, 1978—On December 13, 1976, defendant J.P. Mascaro & Sons, Inc., was

charged in a criminal complaint with theft by deception, deceptive business practices and unsworn falsification to authorities. These charges arose out of certain activities by defendant pursuant to a contract with the County of Delaware wherein it was to haul residue from Delaware County Incinerator No. 2 to a landfill located in the State of New Jersey. In short, defendant, through the activities of its officers, caused the County of Delaware to overpay it approximately $170,000.

Defendant was found guilty by a jury of all the above charges on August 30, 1977. Defendant had made timely motions for a new trial and/or in arrest of judgment which are now before this court.

The thrust of defendant's argument is that forcing the corporation, J.P. Mascaro & Sons, Inc., to stand trial in this case constituted successive prosecution for the identical offenses of which Michael and Joseph Mascaro were convicted and as such constituted double jeopardy.

Joseph Mascaro was indicted by a Federal grand jury on February 11, 1977, and charged by the United States of America with four counts of violation of the Act of June 25, 1948, 62 Stat. 763, as amended, 18 U.S.C.A. §1341 (mail fraud), and four counts of violation of the Act of June 25, 1948, 62 Stat. 749, 18 U.S.C.A. §1001 (false statements). These Federal charges arose out of Joseph Mascaro's activities pursuant to the same contract between defendant, J.P. Mascaro & Sons, Inc., and the County of Delaware. On March 14, 1977, Joseph Mascaro pleaded guilty to two counts of violation of 18 U.S.C.A. §1341 and two counts of violation of 18 U.S.C.A. §1001. The guilty plea was ac-

cepted and sentencing of defendant set April 15, 1977.

On December 13, 1976, the Commonwealth charged both Joseph and Michael Mascaro with theft by deception, deceptive business practices, unsworn falsification to authorities and conspiracy under provisions of our Crimes Codes of December 6, 1972, P.L. 1482, 18 C.P.S.A. §§3922, 4107, 4904 and 903. These charges also arose from the same above-mentioned contract with the County of Delaware.

On March 22, 1977, Michael Mascaro pleaded guilty to the information filed against him in Delaware County and was sentenced to a term of probation for a period of five years and fined $5,000.

On May 31, 1977, Joseph P. Mascaro, Jr., stood trial before the Honorable Robert A. Wright, sitting as a judge without a jury on the Delaware County charges and on June 3, 1977, Judge Wright found him guilty of the crimes of theft by deception, deceptive business practices, unsworn falsification and conspiracy. The Commonwealth and defense attorney agreed that the facts in the case against Joseph P. Mascaro, Jr. could be presented to the court in the form of a stipulation.

On December 7, 1977, Judge Wright fined Joseph P. Mascaro, Jr., $1,000 and placed him on probation for a period of five years and made a condition of that probation that Joseph P. Mascaro, Jr. repay to Delaware County the sum of $112,852.08.

Defendant argues from the above-stated facts that the prosecution of defendant, J.P. Mascaro & Sons, Inc., was barred by the former prosecution for the same offense when that prosecution is for viola-

tion of the same provisions of the statute and is based upon the same facts as the former prosecution and the former prosecution resulted in a conviction, citing 18 P.S. 109(3). We do not agree with defendant.

Defendant, in support of his motions, argues that forcing the corporation, J.P. Mascaro & Sons, Inc., to stand trial in this case for the identical offense of which Michael and Joseph Mascaro were convicted, constitutes successive prosecution and therefore double jeopardy. Defendant bases his argument upon the case of Com. v. Mills, 447 Pa. 163, 286 A. 2d 638 (1971). In that case the issue presented was whether or not a person may be convicted and punished in the courts of Pennsylvania if he has previously been convicted and punished in a Federal court for the identical unlawful conduct.

In Mills, supra, defendant was indicted by the Commonwealth of Pennsylvania, charging defendant with carrying a concealed deadly weapon, unlawfully carrying a firearm without a license, and aggravated robbery, all in violation of this State's Criminal Code. The Federal indictment charged defendant with violation of 18 U.S.C.A. §2113(a) and (b) and (d), both bank robbery and assault. These crimes were all charged against the *person*, Mills, and as such the arguments presented by defendant are applicable, but do not apply as to the conviction of defendant in this case. It is recognized that defendant, J.P. Mascaro & Sons, Inc., is a distinct entity in and of itself and that as such it may enter into contracts with others of its kind, individuals and others entities. The corporation will be responsible for those obligations while those individuals who own the stock of the corpora-

tion may be shielded from the responsibilities incurred by the corporation in most instances.

As provided in 18 C.P.S.A. §307(a)(3) entitled "Liability of Organizations and Certain Related Persons," a corporation may be convicted of the commission of an offense if: "(3) the commission of the offense was authorized, requested, commanded, performed or recklessly tolerated by the board of directors or by a high managerial agent acting in behalf of the corporation within the scope of his office or employment."

The commission of an offense against this Commonwealth and/or the government by individuals through the corporate form will not shield those individuals or the corporation from incurring responsibilities of those offenses.

The entity of the corporation will be and is properly treated as a distinct individual for the purposes of its prosecution for the offenses charged against it. In the case of United States v. Johns-Manville Corporation, 231 F. Supp. 690 (1964), the court stated, at 693, the principle that where:

" 'There is an officer or agent of a corporation with broad express authority, generally holding a position of some responsibility, who performs a criminal act related to the corporate principal's business . . . the courts have held that so long as the criminal act is directly related to the performance of the duties which the officer or agent has the broad authority to perform, the corporate principal is liable for the criminal act also, and must be deemed to have "authorized" the criminal act.' " (Citations omitted.)

The court finds that defendant's contention that

its conviction constitutes double jeopardy is without merit and that its conviction was proper under the law and the evidence.

## ORDER

And now, April 3, 1978, upon consideration of briefs presented by respective counsel, it is hereby ordered and decreed that: 1. Defendant's motion for a new trial is dismissed; 2. Defendant's motion in arrest of judgment is dismissed; 3. Defendant is directed to appear for sentencing before this court on May 3, 1978, at 9:30 a.m. in a court room to be assigned, Court House, Media, Delaware County, Pa.